(34 Misc. Rep. 265.)

### BIGELOW v. BIGELOW.

(Supreme Court, Special Term, New York County.  March, 1901.)

1. DIVORCE—EVIDENCE—IDENTITY.
   Evidence of an eyewitness of adultery of defendant, who stated that he was acquainted with her, and that he identified her from a photograph identified by her husband, is insufficient to sustain a decree without further evidence as to the circumstances under which the witness made the acquaintance of defendant, and other evidence as to her identity.

2. SAME—SERVICE OF PROCESS.
   Where the server of a summons on defendant in divorce testified to identifying her from a photograph which plaintiff had stated was the photograph of defendant, such evidence is insufficient, and the photograph should be identified by some other person well acquainted with defendant.

Action by Albert A. Bigelow against Laura C. Bigelow for divorce. Evidence held insufficient, and cause restored to calendar.

Samuel I. Ferguson, for plaintiff.

GILDERSLEEVE, J.  The evidence of adultery in this case, which is an uncontested divorce case, is that the witness Dobbins went with the plaintiff, who is the husband, onto the fire escape of plaintiff's flat at No. 10 West Ninety-Ninth street, on October 9, 1900, about 12 o'clock,—whether noon or midnight does not appear,—and saw defendant in bed with a man, not the plaintiff, and that defendant saw them, jumped out of bed, and ran into another room. The witness' acquaintance with defendant and knowledge of her identity are not very clearly stated. He is asked: "Q. Are you also acquainted with Laura C. Bigelow, the wife of said Albert A. Bigelow, who is the defendant in this action?  A. Yes, sir."  He is then shown a photograph, which the plaintiff had previously identified as that of his wife, the defendant, and he says he recognizes the said photograph as that of the defendant.  The identification of the photograph of a defendant by a plaintiff in an uncontested divorce case is only of value when corroborated by other testimony.  I think the witness Dobbins should have shown under what circumstances he made the acquaintance of the defendant, and what knowledge he had of the defendant's identity.  The evidence of the witness McClelland is not at all conclusive as to the defendant's adultery, although in a measure tending to strengthen the other evidence on this point.  As to the service of the summons and complaint upon the defendant, a clerk in the office of Mr. Samuel I. Ferguson, the plaintiff's attorney, swears that he recognized the defendant from a photograph that he had with him; but what photograph does not appear from his testimony, as he does not mention, nor is he asked, whether or not the photograph was the one which had been identified by the plaintiff as that of defendant.  The witness then asked the woman "if she was Laura C. Bigelow," and she said, "Yes."  He then testified as follows: "I said, 'This is a summons and complaint in an action that your husband is bringing against you for absolute divorce.'  She said, 'Does he mean business, and how long will it take to get the decree?'  Q. Anything else?  A. That she was glad to get it."  In

his affidavit of regularity, handed up at the trial, and received in evidence, the witness, after stating the service, swears as follows: "That this deponent knew the person so served to be the defendant in the above-entitled action, she having admitted the same to him at the time when she was served with the summons and complaint; that this deponent stated to the defendant, at the time he served her, the object of this action." It seems to me that the photograph from which the server recognized the defendant should have been produced in evidence, and identified by some one (other than plaintiff) who was well acquainted with the defendant. The cause will be restored to the calendar, and an opportunity given to the plaintiff to supply the deficiencies in the evidence above indicated. Hand up an order placing it upon the calendar for March 13th.

Ordered accordingly.